**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Andre McRae, | No. CV-22-00018-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Lockett, et al., | |
| Defendants. | |

On March 18, 2026, the Court stayed all deadlines in the above-captioned matter pending Plaintiff's receipt of his legal documents following an institutional transfer. (Doc. 187.) Plaintiff notified the Court on April 6, 2026, that he received his legal documents at his designated institution, but that the documents—which he had organized into labeled envelopes prior to his transfer—were in disarray, and numerous documents were missing. (Doc. 188.) Plaintiff asks the Court to direct the Clerk to mail him copies of all Court Orders filed after October 2024, and order defense counsel to mail him all discovery requests and other documents sent after that date. (*Id.* at 5.)

The Court will direct the Clerk to mail Plaintiff a copy of the Court's March 26, 2025 Order addressing Defendants' Motion for Summary Judgment on administrative exhaustion (Doc. 145), the August 11, 2025 (Doc. 154) and January 8, 2026 (Doc. 176) Orders denying requests to appoint counsel, and the December 18, 2025 Order addressing Plaintiff's access to legal documents (Doc. 169). The Court declines to direct the Clerk to send copies of prior Scheduling Orders or prior Orders addressing requests for a stay, as

the deadlines set forth below control the case going forward.  The Court also declines to direct the Clerk to send copies of Orders relating to the parties' unsuccessful settlement conference on August 13, 2025.

The Court directs defense counsel to arrange a legal call with Plaintiff to discuss any documents sent by defense counsel that were not forwarded to Plaintiff's designated institution following Plaintiff's transfer.  Defense counsel shall ensure that Plaintiff has copies of all such documents that are relevant to the continued litigation of this case.

**IT IS ORDERED** that the Clerk of Court shall mail Plaintiff a copy of Documents 145, 154, 169, and 176.

**IT IS FURTHER ORDERED** that, within **seven (7) days** of the date this Order is filed, defense counsel shall arrange a legal call with Plaintiff to discuss missing documents, as set forth above.  Within **ten (10) days** of the date this Order is filed, defense counsel shall mail Plaintiff copies of missing documents, as set forth above, and shall file a notice of compliance.

**IT IS FURTHER ORDERED** that the stay entered on March 18, 2026 (Doc. 187) is lifted.  The following deadlines shall govern the proceedings in the above-captioned matter:

1.  Rebuttal expert testimony, if any, shall be disclosed on or before **April 15, 2026**.
2.  Each party shall disclose a witness list on or before **April 15, 2026**.
3.  All discovery shall be completed on or before **April 29, 2026**.
4.  The parties shall submit a jointly prepared settlement status report on or before **May 4, 2026**, and every **sixty (60) days** thereafter.
5.  Dispositive motions addressing the merits of Plaintiff's claims shall be filed on or before **May 29, 2026**.

. . . .

. . . .

. . . .

- 2 -

6. The parties shall file a Joint Proposed Pretrial Order within **thirty (30) days** after resolution of any dispositive motions filed or, if no such motions are filed, on or before **June 29, 2026**.

Dated this 9th day of April, 2026.

Honorable Rosemary Márquez
United States District Judge

- 3 -